## Kowdy, Appellant, *v.* Savings Fund Loan Association.

*Practice, C. P.—Affidavit of defense—Contract—Set-off.*

In an action for goods sold and delivered an affidavit of defense is sufficient which admits the balance claimed, but avers that the plaintiff entered into an agreement with defendant to sell goods for the latter, that the latter had advanced moneys to the plaintiff on account of commissions to be earned, that only a small sum was earned, and that the advances had never been repaid, and were in excess of the balance claimed by plaintiff in his statement.

Argued April 10, 1906.   Appeal, No. 68, April T., 1906, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1904, No. 151, discharging rule for judgment in case of Charles E. Kowdy for use of David Spear, for use of the American Steel Package Company v. Savings Fund Loan Association. Before Rice, P. J., Porter, Henderson, Morrison and Head, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

MacFarlane, J., filed the following opinion:

The plaintiff's claim is for an admitted balance of $700 due upon a sale of certain savings banks or boxes, and the defense is a set-off that Kowdy, the plaintiff's assignor, the original party to the contract of sale, had two written contracts with defendant by which he was to be allowed a commission on sales of stocks, and under the terms of the agreements defendant advanced him $920.   That he only earned $49.70 of commissions, leaving a balance against him on that account of $870.30. No reason was suggested why such a credit is not good in law, and the averment that Kowdy agreed that the balance against him should be adjusted and balanced with his claim, does not weaken defendant's position.   Whether the defendant's claim be called a credit, a set-off or payment does not affect the case.

The rule should be discharged.

*Error assigned* was the order of the court.

*Edward Schreiner*, for appellant.

*E. L. Kearns*, with him *Smith & Kearns*, for appellee.

PER CURIAM, May 14, 1906:

Irrespective of the alleged parol agreement, we are of opinion that the learned judge below was right in holding that the affidavit of defense was sufficient to prevent judgment. We concur in the reasons suggested in the opinion filed by him in support of that conclusion. The payment to the legal plaintiff of $40.00 a week was not a guaranteed commission, as the appellant's counsel claims, but, as the supplemental contract of January 16, 1904, expressly declares, was an " advance, which shall be charged to his account," and was to be so treated in the final adjustment of the account upon the termination of the relation between them.

Appeal dismissed at the appellant's costs, but without prejudice as provided in section 2 of the Act of April 18, 1874, P. L. 64.